CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
9/1/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:03-cr-30095 |
| | ) | |
| | ) | By: Michael F. Urbanski |
| DIRRICK DELONT LUCAS, | ) | |
| Defendant | ) | Chief United States District Judge |

### MEMORANDUM OPINION

This matter comes before the court on defendant Dirrick Delont Lucas' renewed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 100. The court denied Lucas' first motion for compassionate release without prejudice for failure to exhaust administrative remedies, ECF No. 99. The government filed a response opposing Lucas' motion, ECF No. 101, and Lucas has filed a reply, ECF No. 103.[1] Because the court finds that the factors under 18 U.S.C. § 3553(a) weigh in favor of continued custody, the court will **DENY** Lucas' motion.

### I.

On June 24, 2004, Lucas pled guilty to conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and being a felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1). In his plea, Lucas agreed that he was responsible for between 500 grams and 1.5 kilograms of cocaine base. At the time of

---

[1] In response to Lucas' original motion for compassionate release, ECF No. 82, the government filed a response in opposition, ECF No. 89, Lucas filed a reply, ECF No. 91, the government filed a status report, ECF No. 92, and Lucas filed two supplemental responses, ECF Nos. 95, 98. The court has considered all of this briefing as it pertains to this motion for compassionate release.

his sentencing, § 841(b)(1)(A) carried a mandatory minimum sentence of ten years and a maximum sentence of life, plus up to five years of supervised release. On May 18, 2005, the court imposed a sentence of 150 months and five years of supervised release and on June 30, 2008, the court reduced Lucas' sentence to 120 months.

On October 20, 2014, while on supervised release, an arrest warrant was issued for Lucas on charges of possession of an unregistered Title 26 weapon and a violation of 18 U.S.C. § 922(g). See United States v. Lucas, No. 5:14-cr-38, ECF No. 21 (W.D. Va. Apr. 2, 2015). Lucas then pled guilty to the Title 26 charge pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, resolving both the new charge and his supervised release violation, with a recommended sentence of 84-108 months. On April 1, 2015, the court imposed a sentence of 48 months on the Title 26 charge and 60 months on the supervised release violation, to run consecutively, for a total sentence of 108 months.

On April 24, 2019, Lucas filed a motion for Section 404 of the First Step Act relief, asking the court to reduce his 2006 sentence, or in the alternative, to reduce his supervised release sentence. The government argued, among other things, that his sentence should not be reduced after consideration of the 18 U.S.C. § 3553(a) factors. On December 19, 2019, the court denied Lucas' motion for relief under the First Step Act, ECF No. 76.[2]

On May 15, 2020, Lucas filed a motion for compassionate release due to his medical conditions, ECF No. 82, and the court denied it without prejudice due to his failure to exhaust administrative remedies, ECF No. 99. On August 21, 2020, Lucas filed a renewed motion for compassionate release, arguing that his medical conditions constitute extraordinary and

---

[2] This decision is pending appeal. See ECF No. 78.

compelling reasons warranting a reduction in his sentence based on the COVID-19 pandemic. Lucas is currently housed at USP Lompoc and has a projected release date of December 4, 2022.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission published a policy statement to provide guidance on granting compassionate release. See USSG § 1B1.13. The policy statement provides, in relevant part, that "the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that (1)(A) extraordinary and compelling reasons warrant the reduction; . . .

3

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." Id.

Accordingly, Lucas' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction and whether Lucas is a danger to the community.

    i.    <u>The government waived the exhaustion requirement.</u>

The provision allowing defendants to bring motions for compassionate release under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can

only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Lucas, by counsel, made a request for compassionate release on July 22, 2020 to the warden of USP Lompoc and the warden did not respond with 30 days. The government agrees that Lucas now has exhausted his administrative remedies, ECF No. 101, at 1. Accordingly, because thirty days has lapsed without a response from the warden after Lucas made a request for compassionate release, the court finds that Lucas has exhausted his administrative remedies and his motion is properly before the court for consideration.

ii.  The § 3553(a) factors weigh against a sentence reduction and Lucas is a danger to the community.³

Because Lucas has exhausted his administrative rights, the court must consider if Lucas has demonstrated that he merits release under the § 3553(a) factors and whether Lucas is a danger to the community. See United States v. McMillan, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020) ("A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted.") (internal citations omitted); see also 18 U.S.C. § 3582(c)(1)(A).

---

³ Because the court finds that Lucas is a danger to the community and that the § 3553(a) factors weigh against his release, it need not determine if Lucas presents an extraordinary and compelling reason to warrant a sentence reduction under § 3582(c)(1)(A). The court notes that the government filed a status report with the court, conceding that Lucas' medical conditions establish an extraordinary and compelling reason, stating that "the government now agrees that, during the COVID-19 pandemic, [Lucas' medical condition] presents a 'serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" ECF No. 92, at 2 (citing U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)). While the court is sympathetic to Lucas' medical condition and the risk posed by COVID-19, he is a danger to the community, the § 3553(a) factors weight against release, and "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

First, to determine if Lucas is a danger to the community, the policy statement directs the court to consider the factors as provided in 18 U.S.C. § 3142(g). See U.S.S.G. § 1B1.13(2). Those factors include:

> (1) the nature and circumstances of the offense charged;
> (2) the weight of the evidence against the defendant;
> (3) the history and characteristics of the person, including the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

The § 3142(g) factors indicate that Lucas is a danger to the community. In denying Lucas' motion for a sentence reduction under Section 404 of the First Step Act, the court made the following finding:

> When Lucas was released to supervision in 2012, one of the mandatory conditions of supervision was that he not possess a firearm, ammunition, destructive device, or any other dangerous weapon. One of the special conditions of supervision was that he not possess a firearm or destructive device. ECF No. 40 in United States v. Lucas, No. 5:03-CR-30095. Lucas violated the conditions of supervised release when he possessed an unregistered firearm, described in the PSR as a silencer and silencer components. ECF No. 41 in United States v. Lucas, No. 5:14-CR-38. In addition, in the trunk of the car, police found three knives and a garrote, described as a "strangulation weapon." Id. On the passenger seat, police found a loaded 9 mm handgun hidden between the foam pad and the metal pan of the seat close to Lucas's right leg while he was seated in the vehicle. The handgun, which had been reported stolen, had an extended

6

> barrel, which, when removed, allowed the homemade silencer to attach perfectly to the weapon. Id.

See ECF No. 76, at 11-12. Here, the court reiterates such a finding in determining that Lucas is a danger to the community. Not only did he violate the court's trust, but he did so by possessing a firearm and multiple other dangerous devices. Further, at the time of his sentencing, Lucas had a criminal history category of VI based on a lengthy criminal record, including convictions for drug possession, resisting a public officer, and robbery. See ECF No. 70, at 6-9.

The court finds that Lucas' criminal history and continued reluctance to abide by federal law makes him a danger to the community. Not only was Lucas arrested while illegally possessing a firearm, the totality of the items in his possession clearly demonstrate a danger to the public. Lucas also has a lengthy disciplinary record from his time at Lompoc, including assaults and fighting, as well as other violations of BOP policy. Accordingly, the court finds that Lucas is a danger to the community and there are no terms of home confinement that could ensure that he would comply with the court's orders.

Second, the court must consider if a sentence reduction is consistent with the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

Lucas is currently serving a sentence for a supervised release violation and possession of an unregistered firearm, both of which are serious offenses. Further, Lucas' sentence is necessary to incapacitate him in order to protect the public from further crimes. In addition, the court has already considered the § 3553(a) factors twice with respect to this sentence. First, at sentencing Lucas for the supervised release violation on April 2, 2015, and again recently when the court considered his motion for a sentence reduction on December 10, 2019. While the COVID-19 pandemic is unprecedented, it does not change the weight given to § 3553(a). As this court wrote nine months ago, Lucas' sentence "is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law." ECF No. 76, at 13.[4] Accordingly, the court finds that the § 3553(a) factors weigh against a reduction in Lucas' sentence.

### III.

For the reasons stated herein, Lucas' motion for compassionate release is **DENIED**, ECF No. 100. The clerk is directed to send a copy of this memorandum opinion and accompanying order to all counsel of record. An appropriate order will be entered.

---

[4] Lucas filed a Supplemental Reply, wherein he argues that the court should grant his motion for compassionate release because "Lucas is serving a 60-month revocation sentence for a supervised release violation that would, today, have a statutory maximum penalty of only 36 months." ECF No. 98, at 1. In support of his argument, Lucas relies on numerous cases where courts have reduced a sentence pursuant to Section 404 of the First Step Act, and he encourages this court to do the same. However, Lucas has already made this argument to this court and the court has denied it. See ECF No. 76. Lucas does not get a second bite at the apple by couching this argument again in terms of compassionate release.

It is so **ORDERED**.

Entered: September 1, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.01 15:18:51
-04'00'

Michael F. Urbanski
Chief United States District Judge

It is so **ORDERED**.

Entered: September 1, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.09.01 15:18:51
-04'00'

Michael F. Urbanski
Chief United States District Judge